IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Brian D. Iverson, | ) |
| Plaintiff, | ) |
| vs. | ) Case Number: 3:08cv128 |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff has filed a motion for attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. #30). Plaintiff is requesting $14,913.90[1] for professional services and costs. Defendant opposes the award of EAJA fees, arguing defendant's position was substantially justified. Defendant further argues the amount requested is excessive, and that "special circumstances militate against an award of the total amount sought by Plaintiff." United States' Objection to Plaintiff's Petition for Attorney Fees Pursuant to the Equal Justice Act, Doc. #34. In the event the magistrate judge recommends an award of attorney's fees, defendant does not object to a separate award of $23.79 for postage expenses and

---

[1]Plaintiff initially sought $14,393.90 for attorney's fees but requests an additional $522 for time spent responding to the defendant's objection to his original application for fees, for a total attorney fee award of $14,913.90.

1

$11.60 in costs for copies.[2]

Plaintiff is entitled to recover attorney's fees unless the Commissioner proves his denial of benefits was substantially justified.  That is, the Commissioner's position must be reasonable and well founded in law and fact, although not necessarily correct.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995).

The magistrate judge recommends a finding that the Commissioner's position in this case was substantially justified as to plaintiff's "Sentence Four" motion for reversal and remand, but was not substantially justified on the merits.  The court held that the Commissioner's refusal to follow the HALLEX provision does not amount to a substantive error requiring remand pursuant to Sentence Four, and that the subsequent award of benefits does not amount to "new and material evidence" warranting remand of the initial denial under Sentence Six.  Accordingly, the Commissioner's position as to plaintiff's Motion for Sentence Four reversal and remand was well founded.  The magistrate judge recommends that plaintiff's fees associated with this motion (time expended on the motion between February 25, 2009 and November 11, 2009) in the amount of $ 4,032.66 (4.25 hours @ $85/hour (paralegal) and (21.1 hours@ $174/hour (attorney)  be **DENIED**.

However, as to plaintiff's Motion for Summary Judgment on the merits, the magistrate judge recommends a finding that the Commissioner's position was not substantially justified. ALJ Olson's decision was deficient in several respects, highlighted by his failure to recognize

---

[2]Plaintiff initially sought $122.89 for expenses.   Plaintiff's reply brief seeks costs in the total amount of $35.39, apparently conceding he is not entitled to $87.50 for copies MeritCare records, an expense incurred while the case was still pending before the ALJ.

2

claimant's persistent complaints of severe fatigue.  Accordingly, the Commissioner's denial was not well founded in fact.  Therefore, plaintiff is entitled to an award of fees.

Further, the magistrate judge recommends a finding that the amount requested for professional services on the successful motion is reasonable.  Plaintiff's brief was well written, addressed numerous issues, and provided substantial assistance to the court.  It is clear that such a thorough brief would take time and effort commensurate with the requested amount.  Additionally, the court finds the requested expenses are reasonable.  The magistrate judge recommends that plaintiff's attorney's fees and expenses be granted in the amount of $10,881.24.

**IT IS RECOMMENDED:**

Plaintiff's petition for EAJA fees and costs be **GRANTED** in part, **DENIED** in part, and defendant be ordered to pay plaintiff the amount of $ 10,845.85 in attorneys fees and $23.79 for expenses. (Doc. #30).

Plaintiff be awarded $11.60 in costs under the Department of Justice's Judgment Fund.

Pursuant to Local Rule 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy thereof.

Dated: June 25, 2010.

*/s/ Karen K. Klein*
Karen K. Klein
United States Magistrate Judge